Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7738 | **DATE** | 1/3/2005 |
| **CASE TITLE** | Beissbarth USA Inc. vs. KW Products Inc., et al., | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Order and Opinion that the Court deny plaintiff's motion to remand [4-1] and grant defendant's motion to transfer this case, pursuant to 28 U.S.C. §1406(a), to the United States District Court for the Northern District of Iowa.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BEISSBARTH USA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 7738 |
| | ) | |
| KW PRODUCTS, INC., DAVID J. PARKS, | ) | Judge Ruben Castillo |
| and THOMAS A. PARKS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER AND OPINION

Defendants KW Products, Inc., David J. Parks, and Thomas A. Parks (hereinafter "Defendants") removed this case, pursuant to 28 U.S.C. § 1441, to this Court from the Illinois State Court in Cook County. Plaintiff Beissbarth USA, Inc. requests that we remand this case back to the Illinois State Court in Cook County while Defendants request that we transfer it, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Iowa. For the reasons provided below, we deny Beissbarth USA's motion to remand, (R. 4-1), and grant Defendants' motion to transfer, (undocketed), as modified herein. We transfer this case, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Northern District of Iowa.

## RELEVANT FACTS

On April 16, 2003, Beissbarth USA and KW Products entered into an Asset Purchase Agreement (hereinafter "Agreement"). (R. 1, Notice of Removal, Ex. A, Verified Compl., Ex. A, Asset Purchase Agreement.) Beissbarth USA is a Tennessee corporation, (*id.*, Ex. A, Verified Compl. ¶ 1), whose parent company, Beissbarth GmbH, is a German corporation, (R. 5, Pl.'s

Mem., Ex. 1, d'Audiffret Affidavit ¶ 4). KW Products is an Iowa corporation whose principal place of business is in Marion, Iowa. (R. 1, Notice of Removal, Ex. A, Verified Compl. ¶ 2.) The Agreement was negotiated through phone and e-mail conversations as well as at meetings in Germany and France. (R. 5, Pl.'s Mem., Ex. 1, d'Audiffret Affidavit ¶¶ 5-12.) Additionally, at least one of Beissbarth USA's agents visited Iowa to inspect KW Products's facilities during these negotiations. (*Id.* ¶ 20.)

The Agreement sold all of Beissbarth USA's rights and products to KW Products for $3.8 million, which included a $3.15 million promissory note. (R. 1, Notice of Removal, Ex. A, Verified Compl., Ex. A, Asset Purchase Agreement §§ 2.1, 4.1.) It provided that the Agreement "shall be governed and construed in accordance with the laws of the State of Illinois" and contained the following jurisdiction clause:

> <u>Jurisdiction</u>. Each of the parties hereto hereby irrevocably submits to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, or the Illinois State Court in Cook County for any action, suit or proceeding arising out of or in connection with the transactions contemplated by the Agreement.

(*Id.* §§ 11.9-.10.) The promissory note, which was executed in conjunction with the Agreement, provided that it "shall be controlled, construed and enforced in accordance with the laws of the State of Illinois" and that:

> Except as to any actions or proceedings to obtain injunctive relief, all actions or proceedings in any way, manner or respect, arising out of or from or related to this Note shall be resolved in accordance with Paragraph 11.9 of the Purchase Agreement [the Agreement's jurisdiction clause].

(*Id.*, Ex. B, Installment Note ¶¶ 7, 10.) Beissbarth Gmbh and KW Products also executed a distribution agreement, which contained the same jurisdiction clause as the Agreement, that

2

made KW Products the exclusive American distributor of Beissbarth Gmbh's products. (R. 5, Pl.'s Mem., Ex. 1, d'Audiffret Affidavit, Ex. D, Distribution Agreement.)

The Agreement has generated two lawsuits. On October 8, 2004, KW Products sent Beissbarth USA a letter stating that it would prefer to settle the case, but was prepared for litigation. (*Id.*, Ex. 2, Oct. 8, 2004 Letter.) Yet that very day KW Products sued Beissbarth USA and Beissbarth Gmbh for breach of contract in the United States District Court in the Northern District of Iowa. (*Id.* at 4.) Notably, October 8 was the first date that Beissbarth USA could bring an action based on the promissory note against KW Products. The Agreement gave KW Products ten days to cure any default, (R. 1, Notice of Removal, Ex. A, Verified Compl., Ex. A, Asset Purchase Agreement § 4.2), and Beissbarth USA declared KW in default on September 28, 2004, (*id.*, Ex. D, Sept. 28, 2004 Letter). On October 22, 2004, Beissbarth USA filed its own complaint against Defendants in the Illinois Circuit Court of Cook County, which Defendants promptly removed to this Court. (R. 1, Notice of Removal.)

## ANALYSIS

We first address Beissbarth USA's motion to remand this case back to the Illinois State Court in Cook County. Beissbarth USA asserts that Defendants, by agreeing to "irrevocably submit[] to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, or the Illinois State Court in Cook County" waived their right to remove this case from state to federal court. (R. 5, Pl.'s Mem. at 1-3.) We disagree. A waiver must be "clear and unequivocal." *Newly Weds Foods, Inc. v. A.M. Todd Group, Inc.*, No. 03 C 7827, 2004 WL 755703, at *1 (N.D. Ill. Feb. 18, 2004). The Agreement's jurisdiction clause is not a waiver of the right to remove a case from state to federal court because it does not state

clearly and unequivocally that Defendants waived that right. Furthermore, the Seventh Circuit stated in *Cruthis v. Metropolitan Life Insurance Company*, 356 F.3d 816, 819 (7th Cir. 2004), that:

> [t]he right to file suit in a particular forum is not equivalent to the right to avoid removal from that forum. [The plaintiff] was granted the right to file suit in either state or federal court, and she exercised that right. This is not inconsistent with [the defendant's] power to remove the case to federal court once it has been filed.

Even though *Cruthis* was a case concerning ERISA disclosures, the Seventh Circuit's reasoning is equally applicable to contractual jurisdiction clauses. Accordingly, we find that Defendants did not waive their right to remove an action from state to federal court.

We now turn to Defendants' motion to transfer. The threshold question is whether the Agreement's jurisdiction clause is a permissive jurisdiction clause or a mandatory forum-selection clause. A permissive jurisdiction clause precludes the parties from challenging the jurisdiction of the courts specified in the clause while a mandatory forum-selection clause specifies the courts in which the parties must litigate. Defendants, on the one hand, assert that we can transfer this case to the Northern District of Iowa because the Agreement's jurisdiction clause is permissive. Beissbarth USA, on the other hand, contends that we cannot transfer this case because the Agreement's jurisdiction clause is a mandatory forum-selection clause.

The Seventh Circuit, in *Paper Express, Ltd. v. Pfankuch Maschinen Gmbh*, 972 F.2d 753, 757 (7th Cir. 1992), stated that:

> where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced [as a forum-selection clause] unless there is some further language indicating the parties' intent to make venue exclusive.

4

The Agreement's jurisdiction clause does not use mandatory or obligatory language; it only provides that the parties will submit to the jurisdiction of this Court or the Illinois State Court in Cook County. *See Aramark Mgmt. Servs. Ltd. P'ship v. Martha's Vineyard Hosp., Inc.*, No. 03 C 1642, 2003 WL 21476091, at *3 (N.D. Ill. June 23, 2003) (finding that a clause stating that the parties "submit to the jurisdiction of the courts within the State of Illinois" was a permissive jurisdiction clause). Beissbarth USA, however, asserts that a provision of the promissory note—which was executed in conjunction with the Agreement—constitutes "further language indicating the parties' intent to make venue exclusive." (R. 5, Pl.'s Mem. at 5.)

The provision of the promissory note that, according to Beissbarth USA, indicates that the Agreement's jurisdiction clause is a mandatory forum-selection clause provides that:

> Except as to any actions or proceedings to obtain injunctive relief, all actions or proceedings in any way, manner or respect, arising out of or from or related to this Note shall be resolved in accordance with Paragraph 11.9 of the Purchase Agreement [the Agreement's jurisdiction clause].

(R. 1, Notice of Removal, Ex. A, Verified Compl., Ex. B, Installment Note ¶ 10.) Beissbarth USA asserts that it is "impossible to give any reasonable meaning" to this provision unless the Agreement's jurisdiction clause is a mandatory forum-selection clause. (R. 5, Pl.'s Mem. at 5.) Any other interpretation, according to Beissbarth USA, would deprive the terms "all" and "shall" of their exclusive and mandatory meanings and render the injunctive-relief exception surplusage. (*Id.* at 5-6.)

Once again, we disagree. The terms "all" or "shall" in the promissory note provision will have their ordinary meanings and the injunctive-relief exception will be meaningful regardless of this Court's interpretation of the Agreement's jurisdiction clause. The promissory note provision

merely states that "all" actions, except for those seeking injunctive relief, shall be resolved in accordance with the Agreement's jurisdiction clause. If the Agreement's jurisdiction clause is a permissive jurisdiction clause, then the promissory note provision would provide that the parties must submit to the jurisdiction of one of the specified courts when resolving all actions arising out of the promissory note that do not seek injunctive relief. And if it is a mandatory forum-selection clause, the promissory note provision would then provide that the parties must litigate these actions in the specified forums. Either way the terms "all" and "shall" possess their ordinary meanings and the injunctive relief exception is meaningful. Thus, we conclude that the promissory note provision does not indicate that the parties intended for the Agreement's jurisdiction clause to be a mandatory forum-selection clause.[1]

We can now address the merits of Defendants' motion to transfer. The federal transfer statute, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This statutory provision has been interpreted to consist of two requirements: (1) this district and the district to which the case would be transferred are appropriate venues; and (2) transfer will serve the convenience of parties and witnesses as well as the interest of justice.[2] *Hyatt Corp. v. Pers. Communications Industry Ass'n*, No. 04 C 4656,

---

[1] Beissbarth USA also presented evidence—earlier drafts of the Agreement—showing that the parties intended for the jurisdiction clause to be a mandatory forum-selection clause. (*See* R. 5, Pl.'s Mem. at 4.) While this may be true, "[a]n agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it." *Cromeens, Holloman, Sibert, Inc v. AB Volvo*, 349 F.3d 376, 394 (7th Cir. 2003).

[2] Some courts also require a finding that the district to which the case would be transferred has jurisdiction. *See, e.g., Sterling Med. Supplies, Inc. v. Belimed, Inc.*, No. 04 C 66,

2004 WL 2931288, at *2 (N.D. Ill. Dec. 15, 2004). In diversity jurisdiction cases, venue is only appropriate in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). The district to which this case would be transferred, the United States District Court for the Northern District of Iowa, is an appropriate venue because all Defendants reside in that district; KW Products is an Iowa corporation with its principal place of business in Marion, Iowa and David and Thomas Parks reside in Cedar Rapids, Iowa. This district, however, is not an appropriate venue.[3] First, Defendants do not reside here. Second, a substantial part of the events or omissions giving rise to the claim did not occur here, nor is a substantial part of the

---

2004 WL 1921030, at *2 (N.D. Ill. July 27, 2004). This added element is appropriate because this Court can only transfer a case to a "district or division where [the case] might have been brought." 28 U.S.C. § 1404(a). While Beissbarth USA claims that the United States District Court for the Northern District of Iowa may be unable to assert personal jurisdiction over it, we find on the record before this Court—which consists of affidavits and verified complaints—that Beissbarth USA had sufficient minimal contacts under the procedural law of the United States District Court for the Northern District of Iowa to bring Beissbarth USA within that court's jurisdiction. *See Pure Fishing, Inc. v. Silver Star Co., Ltd.*, 202 F. Supp. 2d 905, 914-15 (N.D. Iowa 2002). Its parent company, Beissbarth GmbH, negotiated the Agreement, on its behalf, with agents of KW Products who were based in Iowa. It sent an agent into the state to inspect KW Products' facilities during the negotiations. Furthermore, its parent company, Beissbarth GmbH, entered into a distribution agreement with KW Products that created an on-going business relationship between the two companies.

[3] The Agreement's jurisdiction clause is not a waiver of the right to challenge the appropriateness of venue. As discussed above, a waiver must be clear and unequivocal. *See Newly Weds Foods*, 2004 WL 755703, at *1. The Agreement's jurisdiction clause does not mention venue, so cannot be reasonably interpreted as a venue waiver. We also note that the clauses at issue in *Paper Express*, 972 F.2d at 757, and *Newly Weds Foods*, 2004 WL 755703, at *1, addressed both "jurisdiction" and "venue."

property that is the subject of the action situated here. Third, venue cannot be based on Defendants' agreement to submit to the jurisdiction of this Court because this action may be brought in the Northern District of Iowa. Thus, venue is inappropriate under § 1391(a).

Even if this district were an appropriate venue or if Defendants waived their right to challenge the appropriateness of this venue—which has not occurred because Defendants have not yet filed a responsive pleading, *see* Federal Rule of Civil Procedure 12(h)(2)—we would transfer this case to the United States District Court for the Northern District of Iowa because few, if any, of the material events underpinning this case occurred in this district while a significant number of material events occurred in the Northern District of Iowa.[4] Additionally, a related case, which was filed first, is currently pending in the Northern District of Iowa.[5] *See Campbell Software, Inc. v. Kronos Inc.*, No. 95 C 7348, 1996 WL 124457, at *5 (N.D. Ill. Mar. 19, 1996). Transferring this case—whether or not it is ultimately consolidated with the case pending in Iowa—will permit the more efficient and economical adjudication of both cases.

---

[4] The location of the material events is the most important factor when determining whether or not to transfer a case because this factor determines how much weight a court should accord to the plaintiff's choice of forum. *See Hyatt Corp.*, 2004 WL 2931288, at *2. A party seeking to transfer a case out of the district in which the material events occurred bears a considerable higher burden than a party seeking to transfer a case out of a district in which the material events did not occur. As few, if any, of the material events occurred in this district, Defendants' burden is not as heavy as it would be otherwise.

[5] Beissbarth USA asserts that we should disregard the fact that the case pending in Iowa was filed first because Defendants raced to the courthouse in bad faith. While it appears from the record that Defendants may have been less than forthright with, or perhaps even misled, Beissbarth USA about their decision to promptly initiate litigation, there is no evidence that their decision to promptly file suit in the Northern District of Iowa was inappropriate forum-shopping or harassment. To the contrary, they filed suit in the appropriate venue where the material events occurred. Thus, we decline to disregard the first-filed status of the case pending in the Northern District of Iowa.

Furthermore, the United States District Court for the Northern District of Iowa can capably apply Illinois law just as this Court would be able to apply Iowa law if required to do so. For these reasons, we would transfer this case to the United States District Court for the Northern District of Iowa if venue was appropriate or waived.[6]

Because this district is not the appropriate venue to hear this case, we must dismiss it, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transferring a case to the appropriate district is in the interest of justice when dismissal would engender delays and expenses or could preclude a plaintiff from bringing this claim elsewhere. *Spherion Corp. v. Cincinnati Fin. Corp.*, 183 F. Supp. 2d 1052, 1059 (N.D. Ill. 2002). Transferring a case does not serve the interest of justice, however, if the plaintiff filed the case in bad faith. *Id.* Beissbarth USA filed this case in this district in good faith reliance on an overly-broad interpretation of the Agreement's jurisdiction clause. Additionally, dismissing this case would only create unnecessary delays and expenses. This Court wants this dispute—as well as the related dispute currently pending in the Northern District of Iowa—to be resolved as expeditiously, efficiently, and judiciously as possible. As discussed above, the Northern District of Iowa can properly assert jurisdiction over the parties, can capably apply Illinois law, is an appropriate venue, and encompasses many of the material events underpinning this dispute. Thus, the interest of justice requires that we transfer this case, pursuant to § 1406(a), to the United States District Court for the Northern District of Iowa.

---

[6] We have not discussed every factor that we have considered in determining whether we would transfer this case, but have focused on the factors that we accorded the most weight. *See Hyatt Corp.*, 2004 WL 2931288, at *2 (providing a good analysis of the relevant factors). The remaining factors did not merit in-depth analysis because they did not strongly favor one side or the other.

## CONCLUSION

For the reasons provided above, we deny Beissbarth USA's motion to remand, (R. 4-1), and grant Defendants' motion to transfer, (undocketed), as indicated herein. Accordingly, we transfer this case, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Northern District of Iowa.

ENTERED: _____
Judge Ruben Castillo
United States District Court

Dated: January 3, 2005

10